UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| STEVEN DOXEY AND MELINDA DOXEY | : | CIVIL ACTION NO. 13-cv-222 |
| | : | |
| VERSUS | | JUDGE MINALDI |
| | : | |
| SCOTTSDALE INSURANCE COMPANY | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court is the Motion to Remand by plaintiffs, Steven Doxey and Melinda Doxey.  For the reasons discussed herein, the motion is GRANTED.

### Background

Plaintiffs filed suit in the 38th Judicial District Court in and for the Parish of Cameron, State of Louisiana, on December 28, 2012.  They contend that the defendant, Scottsdale Insurance Company, has failed to pay the balance due on a standard fire/windstorm policy which defendant sold to plaintiffs.

Plaintiffs allege that a fire rendered their property a total loss and under Louisiana law, they contend, defendant is obligated to compensate them for that loss.  The insurance policy provides for $60,000 in coverage.  Defendant previously paid $30,308.38 to Tower Loan, a loss payee, to cover the amount of its lien against the insured premises.  Plaintiffs submit that they are due the remaining balance of $29,691.62.  Plaintiffs further submit that Scottsdale is liable for statutory penalties in an amount up to two times the damages sustained because the failure to pay the amount due within sixty days was arbitrary and capricious.  Doc. 1, att. 1.

Defendant removed the case to this court on February 1, 2013.  It asserts that removal is proper because this court enjoys subject matter diversity on the basis of diversity of citizenship.

Defendant contends that the judicial amount in controversy exceeds $75,000.  It reaches this conclusion by adding the amount due on the policy ($29,691.62) to twice the amount due in penalties ($59,383.24), coming to a grand total of $89,074.86.  Doc. 1.

Plaintiffs filed a motion to remand on February 26, 2013.  They argue that removal was improper because defendant cannot satisfy its burden of demonstrating by a preponderance of the evidence that the judicial amount in controversy exceeds the $75,000 jurisdictional threshold.  Plaintiff further maintained that defendant used an incorrect standard of law in concluding that the statutory penalties in controversy totals $59,383.24.  Plaintiffs assert that the true penalty figure is ambiguous.  Doc. 7.

Plaintiffs have also attached a post-removal affidavit which stipulates that the amount in controversy does not exceed $75,000 and waives any prospective recovery that exceeds any recovery in excess of $75,000.  Doc. 7, Att. 2.  They ask this court to give effect to the stipulation considering the ambiguity of the amount in controversy and remand the case to state court.  Doc. 7.

## Law & Analysis

Any civil action brought in a State court of which the district courts have original jurisdiction may be removed to the proper district court.  28 U.S.C. § 1441(a).  District courts have original jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.  28 U.S.C. § 1332(a)(1).

Louisiana law forbids plaintiffs in state courts from pleading a specific numerical value of damages.  *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000) (citing La. Code Civ. Proc. Art. 893).  Therefore, when a case originally filed in a Louisiana state court is

removed to federal court on the basis of diversity, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Id.* (citing *Lucket v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)). A defendant may meet this burden by either: (1) showing that it is facially apparent that the amount in controversy exceeds $75,000.00, or (2) setting forth facts in its removal petition that support a finding of the requisite amount in controversy. *Lucket*, 171 F.3d at 298.

Even if a defendant meets this burden, remand is still proper if the plaintiff demonstrates that it is legally certain that its recovery will not exceed the jurisdictional amount. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995). Plaintiffs can meet this burden by filing a pre-removal binding stipulation or affidavit affirmatively renouncing their right to accept a judgment in excess of $75,000.00. *Id.* at 1412 (citing *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992) (*per curiam*).

Post-removal affidavits or stipulations do not deprive the district court of jurisdiction and they are not to be considered in support of remand unless the amount in controversy is ambiguous at the time of removal. *Gebbia*, 233 F.3d at 883. This is because the amount in controversy is determined on the basis of the record as it exists at the time of removal. *Associacion Nacional de Pescadores v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993).

Under Louisiana law, an insurer "owes to his insured a duty of good faith and fair dealing." La. Rev. Stat. § 22:1973(A). If an insurer breaches this duty, it shall be "liable for any damages sustained as a result of the breach." *Id.* Moreover, "the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater." La. Rev. Stat. § 22:1973(C).

The penalty that may be owed is not "based on contractual amounts due under the insurance contract." *Durio v. Horace Mann Ins. Co.*, 2011-0084, p. 22 (La. 10/25/2011), 74 So.3d 1159, 1173. Rather, any penalty is "properly calculated by doubling the amount of damages sustained as a result of the insurer's breach of its duties under the statute." *Id.*

In this instant case, plaintiffs seek the balance due on the insurance policy. They also seek damages for "worry, stress, inconvenience and loss of use of their home . . . ." Doc. 1, att. 2, p. 3. Moreover, they seek statutory penalties as authorized by Louisiana law. Thus, the question is whether the consequential damages and penalties exceed $45,308.38, the difference between the $75,000 amount in controversy requirement less the balance due on the policy.

Defendant has the burden of demonstrating by a preponderance of the evidence that it is either (1) facially obvious from the petition that the amount of consequential damages and penalties exceed $45,308.38 or (2) point to specific facts in the removal petition that demonstrate that the consequential damages and penalties exceed $45,308.38.

Defendant has not met its burden. Defendant makes no assessment of potential consequential damages sustained by plaintiff as alleged but instead merely looks strictly to the amount due on the policy and doubles it, an approach rejected by the court in *Durio*, supra. We find the issue of what amount of damages plaintiffs might be owed if they prevailed as consequential damages or penalties owed is not facially obvious from the petition and defendant has alleged no specific facts in its removal petition that would demonstrate that those damages exceed the requisite amount.

Plaintiffs have presented the court with a binding stipulation that they waive any prospective judgment that exceeds $75,000. That is, if this court remands, plaintiffs unequivocally and affirmatively renounce their right to recover in excess of the threshold

necessary to invoke federal diversity jurisdiction.  As noted earlier a post-removal stipulation generally is of no effect unless the court finds the amount in controversy to be ambiguous.  As noted this court does find ambiguity   because the amount in controversy is unambiguous.  However, as previously discussed, this court finds that the amount in controversy is ambiguous, so reference to the stipulation is appropriate in this case.

    While it is conceivable that plaintiffs could recover in excess of the jurisdictional amount, there is no evidence that the real controversy rises to that level, and the undersigned is without the evidence necessary to make a reasoned determination.  Thus, this is one of those rare situations where a post-removal affidavit provides clarification and finality.

## Conclusion

    The amount in controversy is ambiguous.  As such, the undersigned takes plaintiffs' binding stipulation into account and gives it effect.  Thus, the motion to remand is GRANTED.

    A separate Order of Remand is being issued herewith.  The effect of that Order will be suspended for a period of fourteen (14) days from today's date to allow the parties to appeal to the district court for review.  Should either party seek review from the district court, then the effect of that Order is suspended until final resolution of the issue by the district court.

    THUS DONE AND SIGNED in Chambers this 9th day of April, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE